## H. L. Sturm, Appellee, v. Central Oil Company, Appellant.

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. PLEADING—*when pleas amount to general issue.* A demurrer is properly sustained to several pleas which set up matters competent under the general issue.

3. INSTRUCTIONS—*when party not entitled to have theory of case presented.* The rule that a party has a right to have the jury instructed upon his theory of the case does not apply where his theory is contrary to the law applicable to the case.

4. INSTRUCTIONS—*must not invade province of jury.* To tell the jury that certain facts would constitute an acceptance of work is to invade the province of the jury.

· Assumpsit. Appeal from the Circuit Court of Montgomery county; the Hon. A. M. ROSE, Judge presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed May 28, 1910.

H. J. CANTWELL and LANE & COOPER, for appellant.

JETT & KINDER, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellant entered into a contract with appellee in and by which contract appellee engaged to drill for appellant three wells for oil or gas in Montgomery County. Appellee contracted to bore the wells not less than five hundred feet nor more than one thousand feet, as might be determined by appellant; the clause of the contract in that regard is as follows:

"The party of the second part hereby agrees to drill three wells for the party of the first part for oil or gas in the neighborhood of Butler, Montgomery County, Illinois, to a depth of not less than five hundred feet and not more than one thousand feet as may be determined by party of the first part for $1.25 per foot and to furnish all necessary drilling machinery, fuel, water and labor for performing same."

Appellee contracted further to furnish the wells with a hole not less than five and five eighths inches in diameter to the six hundred feet sand and not less than four and one half inches to the one thousand feet sand and to begin the drilling on or before August 20, 1907, and to prosecute it with full crews until the three wells were completed.

The contract provided that in event salt water or caving ground was struck below the six hundred feet oil sand, so as to require a smaller casing than five and five eighths inches, the whole could be abandoned by appellee and appellant was to pay for the hole as measured to said depth.

The contract further provided that appellee should furnish appellant with a log of the boring of each day.

There is no controversy over the first two wells bored; the controversy arises over the third well.

Appellee contends that while he was drilling this well and when he had reached a depth of 388 feet, appellant, by its field manager, stopped the drilling. As soon as this was ascertained by appellee he ordered his foreman in charge of the drilling to proceed and to continue without interruption to the depth of 500 feet, the minimum depth at which his contract called for a well, unless oil or gas was found before that depth was reached. No oil or gas was found above that depth and when the depth of 500 feet was reached, appellee informed appellant that the drilling from that point on would be under its direction and that, if he desired it stopped at any time between that and the maximum depth of 1000 feet, should so direct. Appellant directed him to continue drilling, and at the depth of 576 feet, appellant's field manager was notified that gas had been struck at that depth; the field manager of appellant was not then on the field but notified appellee by telephone to continue the boring until he arrived; the field manager of appellant arrived the next day and at this time the well was at a depth of 632 feet; salt water had been reached and the well was partially filled with salt water and the flow of gas stopped.

Appellee contends that when he reached the depth of 500 feet the contract was then completed upon his part unless appellant directed the well to be bored deeper and that after having reached that depth, whatever further depth was continued was to be under the direction and control of appellant, while appellant contends that the contract required that appellee should drill the well to the depth of 1000 feet unless gas or oil should be found at a depth less than the 1000 feet and that it was the duty of appellee to stop the drilling at any depth less than 1000 feet if oil or gas was found.

The trial court adopted the view of appellee and held that the contract provided that a well should be bored by appellee to a depth of not less than 500 feet nor more than 1,000 feet and that after the minimum depth was reached without finding oil or gas, thereafter the depth at which the well should

be bored was at the discretion of appellant and we agree with the trial court that this is the proper construction of this contract.

The question as to whether or not appellee, after he reached the depth of 500 feet and had found neither oil or gas, continued the boring under the specific direction and management of appellant, was a question of fact to be submitted to the jury to be determined from all the evidence in the case.

There is also a dispute in the evidence as to whether or not appellant was informed by appellee of the striking of gas at the depth of 588 feet and whether appellant was notified by appellee and was specifically ordered by him to continue the drilling until appellant should reach the field; this was also a question of fact to be submitted to the jury on the evidence. The jury by its verdict found both of these contentions against appellant and in favor of appellee. Appellant contends that the finding of the jury upon these questions is not warranted by the evidence. They were purely questions of fact and this court is not disposed to hold that the finding is manifestly against the weight of the evidence, but we are of the opinion the evidence justified the finding of the jury on these questions.

Appellant also assigns as error the admission of certain evidence by the trial court but on a careful examination of the questions raised we do not find error that would require a reversal of the cause or anything that was prejudicial to the interests or rights of appellant upon the admission or rejection of the evidence.

Appellant also assigns as error the rulings of the trial court upon the special pleas filed by appellee. We find no error in the rulings of the trial court in this, as the matters set forth in the special pleas to which demurrers were sustained were admissible under the general issue and the special plea to which the demurrer was not sustained, and where the evidence is admissible under pleas which are held good, it is not error to sustain a demurrer to other pleas setting up the same facts, and the trial court did not err in sustaining the demurrer to these pleas.

Appellant criticises instructions given to the jury on behalf of appellee and assigns as error the refusal of certain instructions offered on behalf of appellant and the modification of others given on behalf of appellant. Appellant's brief and argument in this case had quoted and repeated the evidence to such an extent that it is almost impossible to follow out any clear or definite argument for which it is contending and there is no index to the record or abstract by which the court can refer to either the evidence or rulings of the court without going to the record to hunt them up; while there is a pretended index to the abstract it is so inaccurate as to be almost useless. We have, however, gone over the instructions given on behalf of appellee and those refused on behalf of appellant, together with those modified by the court, and we find no error in the giving or refusing of any of these instructions that would be in any way prejudicial to the interests of appellant.

Appellant specifically complains of the refusal of the ninth instruction asked on its behalf and insists that it was entitled to have the jury instructed upon its theory of the case. This instruction presents a theory that is not in accord with the construction of the contract as held by the trial court, and the rule that a party has a right to have the jury instructed upon his theory of the case does not apply where his theory is contrary to the law applicable to the case. This instruction was properly refused by the trial court.

Special objection is also made to the fourth instruction given on behalf of appellee. It is insisted that this instruction assumes that the well was accepted by appellant; the instruction is not subject to this criticism; it makes no assumption of the acceptance of the well by appellant, the instruction is based on the evidence and relates wholly to the question as to whether the work which was done upon the well after the depth of 500 feet had been reached, was done at the request and under the direction and management of appellant and whether certain items of expense were required to be paid out by appellee by reason thereof; and this

instruction follows the law as adopted by the trial court and it was properly given.

In regard to the instruction No. 16, offered by appellant and refused, this instruction attempts to tell the jury that certain acts or facts, if shown by the evidence, would not constitute an acceptance of the well. This instruction, if given, would have invaded the province of the jury and where a question of fact is involved in the case, it is not proper for the court to direct the jury that certain portions of the evidence do or do not establish that fact, but the question of fact must be submitted to the jury to be determined from the whole evidence in the case.

We find no error in the giving or refusing of these instructions and no reversible error in this record and the judgment is affirmed.

*Affirmed.*